In the

# United States Court of Appeals

## For the Seventh Circuit

No. 16-1526

NING WANG,

*Petitioner*,

*v.*

LORETTA E. LYNCH, Attorney
General of the United States,

*Respondent*.

Petition for Review of an Order of the
Board of Immigration Appeals.
No. A201-003-028

ARGUED NOVEMBER 15, 2016 — DECIDED JANUARY 3, 2017

Before WOOD, *Chief Judge,* and BAUER and SYKES, *Circuit Judges*.

PER CURIAM. Ning Wang, a 25-year-old Chinese citizen (from Shenyang, the capital of the northeastern province of Liaoning), petitions for review of the denial of his applications for asylum and withholding of removal based on his fear of religious persecution for attending unsanctioned Christian gatherings. Wang also challenges the Immigration Judge's

finding that his application was frivolous—a consequential finding that bars him from obtaining any future immigration benefits. We deny the petition with regard to the denial of his applications for immigration relief, but grant the petition with regard to the finding of frivolousness.

Wang came to the United States in December 2010 on a student visa he obtained to attend Benedictine University at Springfield College in Springfield, Illinois. Wang never attended the school, however, and instead worked part-time at various restaurants in Chicago.

In October 2011, Wang applied for asylum with the Department of Homeland Security, but the asylum officer denied his application, and DHS initiated removal proceedings against him. Wang was charged with removability based on his failure to comply with the conditions of the nonimmigrant status under which he was admitted. At a hearing before the IJ, Wang conceded his removability and renewed his application for asylum.

At a later hearing, Wang testified that he sought asylum based on his fear of persecution for being a practicing Christian. Wang said that he started practicing Christianity after recovering from a month-long illness at age 17 thanks, in his eyes, to the daily prayers of his Christian grandmother. He then began accompanying his grandmother to Christian gatherings at a local pastor's home. He preferred attending these gatherings to those at the government-sanctioned church, which he said was "controlled by the Communists."

Wang testified that he was injured in late 2009 during a police raid on one of the pastor's gatherings. He said that he was hit three times with a police baton, necessitating medical

treatment—first at the small clinic near his home, and then a few days later at a larger hospital.

A couple months later, in March 2010, Wang again got caught up in a police raid during a Christian gathering, and this time he was arrested and detained for a week. During this detention, he said, he was interrogated, kicked, punched, struck with a "leather whip," and beaten with a baton. His parents paid a fine to get him released, and he sought treatment at the hospital for "bruises" and a skin "rash." Later, the police continued to "beat [him] up" every time they spotted him on the street.

The IJ wholly disbelieved Wang's testimony, and denied his applications for asylum, withholding of removal, and protection under the Convention Against Torture. The IJ found Wang's testimony "riddled" with discrepancies, "extremely implausible, incredible, and inconsistent," and the judge did not believe that Wang "even attended an underground gathering or was a practicing Christian in China." The IJ went so far as to impose a frivolous filing bar against Wang, concluding that Wang's documentation was "fabricated to support his already-filed request for asylum." A frivolous finding bar has the effect of permanently disqualifying an alien from any "benefits" under the immigration laws. *See* 8 U.S.C.A. § 1158(d)(6).

The IJ based his adverse credibility finding in large part on inconsistencies between Wang's in-court testimony and his submitted documents. These inconsistencies included the following: (1) The medical record Wang submitted to the court was from the village health department and not from the hospital, as Wang testified; (2) Wang's application for asylum stated that 10 police officers showed up at the 2009 raid, but

he testified at his hearing that there were 17; (3) Wang stated in his asylum application that he suffered a concussion as a result of the 2010 beatings, but at his hearing he testified that the concussion occurred during the 2009 incident; (4) A letter Wang submitted from his father stated that Wang suffered a bone fracture as a result of the police beatings, but Wang testified at the hearing that his father's reference to the bone fracture may have been "exaggerate[d] a little bit"; and (5) Wang's father wrote in his letter that he, too, was a pious Christian, but Wang denied at the hearing that his father attended services with him.

The IJ also partially based his adverse credibility finding on Wang's lack of evidence that he was a practicing Christian. The IJ acknowledged a letter from one of Wang's friends recounting their meeting at a Chicago church, but the IJ noted that Wang did not claim that he had been baptized or otherwise confirm that he was a practicing Christian.

The IJ also took a step further and ruled that Wang had filed a frivolous asylum application. The IJ based this finding on the same inconsistencies upon which he found Wang not credible, as well as Wang's failure to supplement his initial asylum application in 2011 with medical evidence, a detention warrant, or other documents to corroborate his mistreatment in 2009 and 2010. The IJ concluded that Wang's documentation "was fabricated to support his already-filed request for asylum."

The Board of Immigration Appeals upheld both the IJ's adverse credibility finding as well as his conclusion that Wang's asylum application was frivolous. According to the Board, the IJ had identified significant inconsistencies in his testimony, and Wang did not provide "persuasive, reliable corroborating

evidence" that could have "rehabilitate[d] his incredible testimony." Regarding the IJ's decision to impose a frivolous filing bar, the Board accepted the IJ's finding that Wang "knowingly misrepresented that he was a practicing Christian in China, that he attended an underground religious gathering, and that he was detained and mistreated by authorities in China."

In his petition for review, Wang argues that the IJ erred in his adverse credibility finding because all of the identified inconsistencies were either minor or sufficiently explained. For example, to the extent there were minor discrepancies between his testimony and his written statement over the harm he suffered while in detention, Wang asserts that his testimony "did not simply parrot" his written statement and instead provided "a more detailed description of his abuse." Wang also discounts the "mistake" in his father's letter about his injuries as "minor," and points out that the IJ failed to acknowledge that Wang corroborated his testimony by submitting a Warrant of Detention.

But the Board's reasons for upholding the IJ's adverse credibility finding are sufficient to support its conclusion that Wang's application for relief should be denied. An adverse credibility finding can be supported by any non-trivial inconsistencies in the applicant's story. *See Tawuo v. Lynch*, 799 F.3d 725, 727 (7th Cir. 2015). Wang's testimony regarding his injuries, medical records, and police encounters was inconsistent. While too much should not be made of either minor memory lapses, *see Kadia v. Gonzales*, 501 F.3d 817, 822 (7th Cir. 2007), or trivial discrepancies (such as whether the home of Wang's pastor was raided by 10 or by 17 police officers, or whether he suffered his concussion in 2009 or 2010), Wang's inconsistent

testimony about the source of his medical records and the information in his father's letters supports the IJ's conclusion that he was not credible.

Wang also challenges the determination that the frivolous-application bar applied. *See* 8 U.S.C. § 1158(d)(6). According to Department of Justice regulations, an application is frivolous if "any of its material elements is deliberately fabricated." 8 C.F.R. § 1208.20; *Albu v. Holder*, 761 F.3d 817, 821 (7th Cir. 2014). Wang argues that the IJ made the "astounding" logical leap that his submission of additional supporting documents after applying for asylum meant that his submitted documentation was deliberately fabricated.

The IJ's frivolous-application finding is unsupported by the record. The IJ addressed his finding in only conclusory terms and nowhere explained how he determined that Wang had deliberately fabricated material elements of his claim:

> This Court believes that the respondent's alleged torture and mistreatment was deliberately fabricated to enhance his asylum filing. When respondent was given opportunity to explain this, he simply could not change his story and suggested more harm in 2009. When asked about the discrepancies in the medical evidence that he allegedly had at the time he was treated in China, he could not even answer the questions concerning where the medical evidence came from and the nature of his treatment. In short, I find the respondent's request for asylum is frivolous. This Court does not believe that he was mistreated by the authorities in China because of attending an underground gathering.

We, as well as our sister circuits, generally have required much more indisputable evidence of deliberate fabrication to uphold findings of frivolousness. *See*, *e.g.*, *Siddique v. Mukasey*, 547 F.3d 814, 815 (7th Cir. 2008) (petitioner confessed that he had lied about police murdering his family by forging police and autopsy reports); *Ignatova v. Gonzales*, 430 F.3d 1209, 1214 (8th Cir. 2005) (medical records submitted by the alien were identified by the hospital as fraudulent); *Selami v. Gonzales*, 423 F.3d 621, 626–27 (6th Cir. 2005) (documents provided by the alien were clear forgeries when compared to true copies of the originals); *Barreto-Claro v. U.S. Att'y Gen.*, 275 F.3d 1334, 1339 (11th Cir. 2001) (alien admittedly lied in his prior asylum application). In contrast, the IJ here seemed to base his frivolousness finding on a lack of credible evidence rather than any evidence that Wang had made deliberate falsehoods. To the extent the IJ based his finding on discrepancies between Wang's account and documentary evidence, an adverse credibility determination alone is insufficient to support a frivolousness finding. *See Yuanliang Liu v. U.S. Dep't of Justice*, 455 F.3d 106, 115 (2d Cir. 2006) (error for IJ to "parlay an ordinary adverse credibility decision into a finding of frivolousness"); *Scheerer v. U.S. Att'y Gen.*, 445 F.3d 1311, 1318 (11th Cir. 2006). Given "the severity of the consequences" that result from a frivolousness finding, an IJ must provide "cogent and convincing reasons" for finding that an asylum applicant knowingly and deliberately fabricated material elements of the claim. *Matter of Y-L-*, 24 I. & N. Dec. 151, 158 (BIA 2007). The IJ's reasons here do not satisfy that standard.

Because substantial evidence supports the IJ's conclusions that Wang was not credible and did not adequately corroborate his account, we deny the petition with respect to the de-

nial of his applications for immigration relief. Substantial evidence, however, does not support the IJ's finding that Wang deliberately fabricated material elements of his application, so we grant Wang's petition with regard to the finding of frivolousness.